# Pennsylvania Industrial Finance Association v. Thomas et al.

*W. Belskin Ginsburg*, for plaintiff; *Alvin L. Levi*, for defendants.

SMITH, P. J., April 6, 1933.—This matter grows out of a rule for judgment for want of a sufficient reply to the counterclaim of the defendant Fenton Storage Company.

The plaintiff brought an action of replevin against the defendants, claiming the title to, and right of possession in, certain articles of household goods. One of the defendants, Marie J. Thomas, was the original owner and possessor of those household goods. On August 22, 1929, she obtained a loan from the plaintiff in the sum of $150, and as security for said loan made a written assignment of her title to the goods to the plaintiff and a bailment lease of the chattels. She was permitted to retain possession of the goods. On April 7, 1930, Marie J. Thomas placed all of said goods with the Fenton Storage Company in storage. On the same day·the Fenton Storage Company loaned to Marie J. Thomas the sum of $75, and she signed the following memorandum:

"April 7, 1930.

"Fenton Storage Co., Philadelphia.

"Gentlemen: I hereby apply to you for a loan of $75 on goods stored with you today. I am the sole owner of these goods and there are no liens or incumbrances on the goods of any kind. I hereby acknowledge receipt of the said $75 loan.

"Very truly yours,
"MARIE THOMAS."

When Marie J. Thomas defaulted in her payments to the plaintiff it issued the writ of replevin against her and the Fenton Storage Company, who at that time was in possession of the goods.

The counterclaim attached to the affidavit of defense of the Fenton Storage Company sets forth the claim for storage and for work and labor done on the goods in question and that the prices charged therefor were fair, reasonable and the prevailing market prices for said services; that on April 7, 1930, the defendant, Milton B. Seligman, loaned the defendant, Marie J. Thomas, the sum of $75 and the defendant, Marie J. Thomas, verbally promised and agreed to return said loan upon demand, with interest at the rate of six per cent. per

annum, and agreed with the defendant, Milton B. Seligman, that the latter should hold possession and custody of said furniture in pledge and as security for said loan; that said loan of money was evidenced by a writing signed by the defendant, Marie Thomas, a copy of which is set forth supra; that the storage company has made demand upon Marie J. Thomas for the charges for hauling and storage of said goods and the repayment of said loan, but that she has neglected and refused to pay the same or any part thereof and that the storage company held possession of said goods under a claim of lien for storage, for work and labor done thereon, and in pledge of the repayment of the loan made by it.

The answer to the counterclaim admits that the said goods were stored with the Fenton Storage Company, but states that it has no knowledge and demands proof of the work and labor done and that it was done at the request of Marie J. Thomas; it denies that the price of $8 per month is a reasonable price for the storage; it disclaims knowledge of the loan by the storage company to Marie J. Thomas and demands proof at the time of trial; it denies that Marie J. Thomas verbally promised that the storage company should hold possession of the goods in pledge and as security for the loan; that the loan, if made, was after the goods had been placed in storage, and that the goods were, therefore, not in pledge or in security therefor; that the letter of April 7, 1930, makes no mention of pledging the goods as security for the loan; that the bill of sale to the plaintiff by Marie J. Thomas of the said goods establishes a right in the plaintiff superior in law to that of the storage company; it avers an offer to the storage company of the amount of storage for the release of the goods, which was refused; it admits that the storage company held possession of the goods under a lien for storage, but denies that the goods were held under a lien for work and labor performed and in pledge for the repayment of said loan.

The pleadings admit that the Fenton Storage Company conducts a storage and warehouse business. It, therefore, at common law has a right of lien for storage. As to the claims of lien for work done on the goods and pledge made of them for moneys loaned, section twenty-seven of the Warehouse Receipts Act of March 11, 1909, P. L. 19, provides as follows:

"Subject to the provisions of section thirty, [a] warehouseman shall have a lien on goods deposited, or on the proceeds thereof in his hands, for all lawful charges for storage and preservation of the goods; also for all lawful claims for *money advanced, . . . labor,*" etc. (italics ours).

Section thirty has no relation to this state of facts. By its common-law right and by statute the defendant storage company has a right of lien for storage, labor done and money advanced which must be recognized by the plaintiff. As between the plaintiff and the other defendant, Marie J. Thomas, the rights of the plaintiff are superior, but as to the storage company defendant the latter has the right of lien on these goods, which is superior to the claim of the plaintiff until the lien is discharged. The answer to the counterclaim admits that the goods were in storage. It does not deny that money was loaned by the storage company to Marie J. Thomas, but it avers that such loan created no lien. If the money was loaned by the storage company the statute creates the lien.

The other portions of the answer to the counterclaim are not sufficiently concise. The averment that a price for work is not the prevailing market price is not sufficient. The answer should state what was the fair and reasonable market price at the time. The averment that the plaintiff has no means of ascertaining the truth of certain averments in the counterclaim is not sufficient. The duty is upon the plaintiff to disclose what efforts, if any, it made to ascertain the truth of those averments.

With the admissions and insufficient denials the plaintiff's answer to the counterclaim of the Fenton Storage Company, defendant, is totally insufficient.

The rule for judgment for want of a sufficient answer to the counterclaim is made absolute.

### Decree

And now, to wit, April 6, 1933, the rule for judgment for want of sufficient answer to the counterclaim is made absolute.

An exception to this order is allowed the plaintiff.